Champion Labs., Inc. v Highline Aftermarket Acquisition, LLC (2024 NY Slip Op 00932)

Champion Labs., Inc. v Highline Aftermarket Acquisition, LLC

2024 NY Slip Op 00932

Decided on February 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 22, 2024

Before: Oing, J.P., Kapnick, Kennedy, Mendez, Higgitt, JJ. 

Index No. 655428/21, 654769/21 Appeal No. 1721-1722 Case No. 2022-04519, 2022-04520 

[*1]Champion Laboratories, Inc., Plaintiff-Respondent,
v
Highline Aftermarket Acquisition, LLC, et al., Defendants-Appellants.
Highline Aftermarket Acquisition, LLC, et al., Plaintiffs-Appellants,
v
Champion Laboratories, Inc., Defendant-Respondent, First Brands Group, LLC, Defendant.

Winston & Strawn LLP, New York (Martin C. Geagan of counsel), for appellants.
Quinn Emanuel Urquhart & Sullivan, LLP, New York (Ryan Rakower of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered on or about August 19, 2022, which granted respondent product manufacturer Champion Laboratories, Inc.'s motion for summary judgment dismissing appellant distributer Highline Aftermarket Acquisition, LLC and Service Champ, LLC's (Highline/SCL) claims premised on lost profits and costs associated with cataloging, designing, packaging, labelling, programming, storage, and shipping of products that Champion manufactured for them pursuant to an exclusive supply agreement, unanimously reversed, on the law, with costs, the motion denied, and the matter remanded for further proceedings.
Factual issues are raised by the record as to whether Highline/SCL's claims for lost profits and certain contract-based incidental costs are a natural and probable consequence of Champion's alleged breach of the parties' exclusive products-supply agreement and constitute recoverable general damages, as opposed to consequential damages (see Biotronik A.G. v Conor Medsystems Ireland, Ltd., 22 NY3d 799 [2014]). The parties amended supply agreement specifically provided, among other things, that Champion's manufactured supply of Highline's "Service Champ" branded oil, air, cabin air, and cartridge filters was "exclusive" to Highline/SCL during the term of the supply Agreement; Champion would be involved in the cataloguing, designing, online advertising, packaging, shipping, and storage of the products it had manufactured for sale to Highline/SCL and the ultimate resale by Highline/SCL to a broader distribution market; the parties' product resale schedules pegged Highline/SCL's expected quarterly resales of the Service Champ products to be in excess of six million units; the supply agreement provided that Champion's product prices would be fixed and not be subject to steel price changes or tariffs unless otherwise agreed between the parties; Highline/SCL and Champion would review the American Metal Market Exchange (Midwest) semi-annually to calculate necessary price adjustments of products; and Highline/SCL would earn volume-related resale rebates and credits towards their subsequent purchases of Champion manufactured products. On these facts, triable issues are raised as to a possible joint venture between the parties, as they made business decisions together, shared costs, as well as profited from a high-volume, substantial business operation (see American List Corp. v U.S. News & World Report, 75 NY2d 38 [1989]). As such, there are issues of fact as to whether the claim for lost profits is the natural and probable consequence of a contract breach (see id. at 43-44).
As to Highline/SCL's claim to incidental costs (i.e., cataloging, design, packaging, online programming, storage, and shipping), these costs were evidently contemplated by the parties as their amended supply agreement obligated Champion to cover such costs. Moreover, Champion's reliance upon the "Chronic Shortage" provision in the amended [*2]supply agreement expressly entitled Highline/SCL to "incidental costs" associated with having a substitute supplier provide Highline/SCL with its unit requirements.
We have considered the remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2024